[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S RESPONSE TO PLAINTIFF'S REOUEST TO ADMIT (#130)
In this wrongful death action the complaint, filed on January 7, 2000, CT Page 11252 alleges the following facts. The decedent, Joan Milner, purchased prescription medication at the drive-through window of the Walgreen's pharmacy in Stratford on the evening of January 15, 1998. After completing her purchase, the decedent drove her car to the corner of the building, where she stopped to organize her purchase and change. Before the decedent closed her window, an individual later identified as Sylvester Lloyd[1] reached into her vehicle to take some property. In an attempt to flee, the decedent accelerated her car and caused it to collide with a concrete wall. The decedent suffered multiple serious injuries, which led to her death on January 24, 1998. The plaintiff alleges that the defendants, Walgreen Eastern Co., which operated the pharmacy, and Merchant-Mark Associates, Ltd., which owned the real estate on which the pharmacy was located, were negligent in a number of ways, including failing to provide sufficient security on its property.
On April 17, 2000, the defendant Merchant-Mark Associates, Ltd. filed an apportionment complaint against Sylvester Lloyd.[2] In the apportionment complaint, Merchant-Mark alleged, as the plaintiff did in the original complaint, that Sylvester Lloyd reached into the decedent's car and caused her to lose control of her car. The plaintiff subsequently served on Merchant-Mark requests for admissions regarding those allegations. In response to the requests, Merchant Mark stated, "The Defendant cannot admit or deny this requested admission. The Plaintiff, Maryanne Hightower, Executrix of the Estate of Joan Milner, alleges in Paragraph 15 of the Second and Sixth Count of her Complaint that the Apportionment Defendant, Sylvester Loyd, Jr. reached into the Plaintiff decedent's motor vehicle causing Joan Milner's vehicle to accelerate. The Plaintiff, chose not to bring a direct action against the Apportionment Defendant who she alleges precipitated the events causing the injuries and losses alleged in the Complaint. Because the Plaintiff chose not to bring a direct action against Sylvester Loyd, Jr. this Defendant prepared an Apportionment Complaint which restates the allegations contained in the Plaintiff's Complaint."
On April 26, 2000, the plaintiff filed the present motion, pursuant to Practice Book § 13-23(b), to determine the sufficiency of Merchant-Mark's answers to the requests for admissions. The plaintiff's motion is accompanied by an affidavit, as required by § 13-23 (b), stating that despite good faith attempts to resolve the matter, counsel have been unable to reach an agreement regarding Merchant-Mark's answers.
Practice Book § 13-23(a) provides in relevant part, "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless such party states that he or she has made reasonable inquiry and that the information known or readily obtainable CT Page 11253 by him or her is insufficient to enable an admission or denial." In the present case, Merchant-Mark has neither admitted nor denied the matters in question, and has instead, claimed essentially that it has no knowledge of the matter. Merchant-Mark has not, however, stated that it made reasonable inquiry but was nonetheless unable to admit or deny the matters. Merchant-Mark's answers are therefore inadequate under Practice Book § 13-23(a).
Merchant-Mark is hereby ordered to file amended answers to the plaintiff's requests for admissions within thirty days, or the court will deem the facts alleged to be admitted.
D. Michael Hurley Judge Trial Referee